UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA McGOWEN,
SUSAN GANOFF, and
GLENDA SCHNITZ,                     CASE NO. 4:16-cv-13216

      Plaintiffs,                  HON. TERRENCE G. BERG

vs.                                 MAGISTRATE JUDGE
                                    R. STEVEN WHALEN
KROGER DISTRICT I,

      Defendant.

---

PLAINTIFFS *IN PRO PER*              VARNUM LLP
Rhonda S. McGowen                    Terrence J. Miglio (P30541)
10050 Dixie Hwy.                     Barbara E. Buchanan (P55084)
Clarkston, MI  48348                 Attorneys for Defendant
(248) 622-9126                       160 W. Fort Street, Fifth Floor
                                     Detroit, MI  48226
Susan E. Ganoff                      (313) 481-7300
3163 Mystic Valley Drive             Fax:  (313) 481-7340
White Lake, MI  48383                tjmiglio@varnumlaw.com
(248) 684-2738                       bebuchanan@varnumlaw.com

Glenda S. Schnitz
4261 Grange Hall Road, Lot 161
Holly, MI  48442
(248) 820-3773

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION TO POSTPONE CASE PENDING ARBITRATION**

## INTRODUCTION AND RELEVANT PROCEDURAL HISTORY

On March 30, 2017, *pro se* Plaintiffs Rhonda McGowen, Susan Ganoff and Glenda Schnitz filed a one-sentence "motion" seeking to postpone the lawsuit that they initiated because of the completion of Plaintiff McGowen's arbitration hearing with Defendant Kroger.[1] (ECF Dkt. #27) It is unclear for how long Plaintiffs would like to postpone this matter. (*Id.*) Plaintiffs, however, have provided no reason and/or justification as to why they need to postpone the instant lawsuit that has been pending since Defendant Kroger was served with the Complaint in October 2016. There is no reason to postpone this lawsuit until after the completion of Plaintiff McGowen's arbitration, which is currently scheduled for <u>one day</u> in May 2017. This lawsuit has already been delayed unnecessarily. Plaintiffs' motion should be denied.

As an initial matter, Plaintiffs never sought concurrence of Defendant prior to the filing of the request for a postponement, as required by E.D. Mich. L.R. 7.1. In their request for a postponement, Plaintiffs have provided no explanation as to why such an extension is necessary.

Further, this is not the first time that Plaintiffs have sought an extension. In the Scheduling Order dated December 15, 2016, Plaintiffs were given a deadline of

---

[1] It is assumed that this Motion was filed on behalf of all Plaintiffs, but that is not clear, as only Plaintiff McGowen signed the Motion. Defendant is proceeding as if all Plaintiffs are seeking a postponement.

January 13, 2017 to obtain a lawyer. (ECF Dkt. #21) Plaintiffs filed a motion for a 30-day extension to seek counsel on January 9, 2017 (ECF Dkt. #22), which was granted on January 23, 2017. (ECK Dkt. #24)

On January 23, 2017, Plaintiffs filed a motion seeking to postpone all dates on the Scheduling Order by 30 days since they were continuing to seek counsel. (ECF Dkt. #25) To date, there has been no ruling on the motion and there has been no extension of the Scheduling Order dates.

Per the Scheduling Order, Plaintiffs were to file their Initial Disclosures by January 27, 2017; they served same a month late, on February 28, 2017. Defendant served discovery on Plaintiffs on January 31, 2017; to date, none of the Plaintiffs have not provided any responses to Defendant's discovery responses, making their responses nearly two months late. Defendant has not been able to engage in discovery, although Plaintiffs' depositions have been properly noticed up for April 21, 2017.[2]

Further, as to Plaintiff McGowen's arbitration specifically, the first day of the arbitration has already taken place. It is scheduled to conclude in May 2017. It

---

[2] Plaintiff McGowen called Defendant's counsel on April 11, 2017 to report that Plaintiffs would not be appearing for their depositions on April 21, 2017, but were available on July 21 or July 28, 2017, more than three months later. Again, such a delay in this litigation is unnecessary and is preventing Defendant from gathering the necessary information to properly defend itself. Defendant will be filing a Motion to Compel these depositions.

3

is unclear why Plaintiff McGowen would need to postpone her current lawsuit when half of the arbitration has currently been conducted. Also, the arbitration hearing only involves Plaintiff McGowen, so her arbitration should have no impact on the other two Plaintiffs and their ability to continue to prosecute this matter without an extension.

Plaintiffs, even if they are *pro se*, must be required to adhere to the same deadlines set forth in the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Michigan, as must every other participant in the litigation. This litigation cannot continually be pushed out and delayed.

## **ARGUMENT**

Federal Rule of Civil Procedure 6(b) states: "When an act may or must be done within a specified time, the court *may*, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A) (emphasis added). The plain language of the rule demonstrates that the good cause standard in the Rule is discretionary; even if a party demonstrates good cause, a court is not required to grant a motion to extend time. Fed. R. Civ. P. 6(b)(1).

The Sixth Circuit has stated that "good cause with respect to scheduling order deadline extensions is measured by "the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin.*

4

*Corp.,* 281 F.3d 613, 625 (6th Cir. 2002) (citations and internal quotation marks omitted). Other circuits have emphasized the importance of litigation deadlines, inasmuch as delays increase the cost of litigation and result in disrespect for lawyers and the judicial process. *Geiserman v. MacDonald,* 893 F.2d 787, 791-792 (5th Cir. 1990) (same); *Spears v. City of Indianapolis,* 74 F.3d 153, 157–58 (7th Cir. 1996) (same). Of further import, "[i]f the Court allows litigants to continually ignore deadlines and seek never ending extensions without consequence, soon the court's scheduling orders would become meaningless." *Spears,* 74 F.3d at 158 (internal quotation marks omitted).

Here, Plaintiffs have not shown good cause why this lawsuit should be put on hold once again. Plaintiffs initiated this lawsuit, and it is therefore their responsibility to prosecute their case diligently. Even the website for the Eastern District of Michigan clearly states: "As a *pro se* litigant, you enjoy every right entitled to you under the law. However, *pro se* litigants are expected to follow/abide by the rules that govern the practice of law in the Federal Court." Plaintiffs should be held to this same standard.

Plaintiffs have cited to no case law, federal rule or other authority in support of their motion that the one-day conclusion of Plaintiff McGowan's arbitration hearing is good cause to postpone this lawsuit and/or extend deadlines. They have not shown good cause as to why any deadlines should be extended simply because

5

Plaintiff McGowen has an arbitration hearing in a month, and has cited no authority in support of their position. This Court, in its discretion, should deny Plaintiffs' request for an extension of time.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Defendant Kroger respectfully request that this honorable Court deny Plaintiffs' Motion in its entirety with prejudice.

                Respectfully submitted,

                VARNUM LLP

                By:  /s/ *Terrence J. Miglio*
                Terrence J. Miglio (P30541)
                Barbara E. Buchanan (P55084)
                Attorneys for Defendant
                160 W. Fort Street, Fifth Floor
                Detroit, MI  48226
                (313) 481-7300
                Fax:  (313) 481-7340
                tjmiglio@varnumlaw.com
                bebuchanan@varnumlaw.com

Dated:  April 13, 2017

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, and, I caused same to be served upon: Rhonda S. McGowen, 10050 Dixie Hwy., Clarkston, MI 48348; Glenda S. Schnitz, 4261 Grange Hall Road, Lot 161, Holly, MI 48442; and Susan E. Ganoff, 3163 Mystic Valley Drive, White Lake, MI 48383, by placing a copy in properly addressed envelopes, postage paid and placing said envelopes in the U.S. mail.

/s/ Terrence J. Miglio
Terrence J. Miglio (P30541)