UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA McGOWEN, et al,

    Plaintiffs,

v.

KROGER DISTRICT I, et al,

    Defendants.

Case No. 16-13216
Hon. Terrence G. Berg
Magistrate Judge Steven R. Whalen

# ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 101), GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. 70)

Plaintiffs Rhonda McGowen, Susan Ganoff, and Glenda Schnitz filed a *pro se* civil complaint against Defendant Kroger District I. Plaintiffs' original complaint alleged "discrimination, retaliation, and sexual harassment" in violation of rights guaranteed by Title VII of the Civil Rights Act of 1964. Dkt. 1; 42 U.S.C.A. §§ 2000e–e-17 (West). On August 29, 2017, the Court granted in part and denied in part the Plaintiffs' motion to amend the complaint, permitting them to bring claims of sexual harassment, retaliation, and wrongful discharge. Dkt. 52.

1

On September 5, 2017, Plaintiffs filed their First Amended Complaint with three claims. Dkt. 53. The first claim—sexual harassment—names only Plaintiffs McGowen and Schnitz, but as this is a *pro se* complaint,[1] the Court construes it to be brought on behalf of all three Plaintiffs. Plaintiffs claim that they "have been sexually harassed by Defendant with sexual innuendos and comments," by "sexually suggestive jokes," and "by the display of materials in the employee area of Defendant's store with sexually illicit [sic] and/or graphic content." Dkt. 53, PageID.661 at ¶¶ 5–7. In the second claim—retaliation/discrimination—Plaintiffs allege that after engaging in the protected activities of filing grievances, calling Defendant's complaint number, and filing EEOC complaints, they were not allowed to train for open positions or to have schedules to which they were entitled. *Id.* at ¶¶ 9–12. In their third claim, Plaintiff McGowen alleges that she was wrongfully discharged "due to an 'anonymous' complaint in violation of the Employee Manual," and in retaliation for her protected activities. *Id.* at ¶¶ 14–16.

This matter comes before the Court on Magistrate Judge Steven R. Whalen's Report and Recommendation dated September 7, 2018,

---

[1] *Pro se* pleadings are not held to the standard of a practicing attorney, but are given a liberal construction. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

2

Dkt. 101, which recommends granting Defendant's Motion for Summary Judgment, Dkt. 70, and dismissing Plaintiffs' claims with prejudice. Judge Whalen further recommends denying as moot both Defendant's Motion to Dismiss Plaintiffs' Claims for Damages, Dkt. 71, and Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint, Dkt. 58.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the Report and Recommendation. 28 U.S.C. § 636(b)(1). Plaintiffs filed timely objections (styled as "Response to Report and Recommendation") to the Report and Recommendation. Dkt. 106. Defendants filed timely responses to those objections on October 2, 2018. Dkt. 108.

Having carefully considered Plaintiffs' objections, for the reasons explained below, Plaintiffs' objections are **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and **ADOPTED** as the opinion of the Court.

### I. Background

Magistrate Judge Whalen summarized the relevant facts about the underlying incidents in the Report and Recommendation, and those facts are adopted for purposes of this order. Dkt. 101, PageIDs.1670–80.

Plaintiffs objected to Magistrate Judge Whalen's report in whole, failing to note any particularized objections, except to say that Magistrate Judge Whalen "ignor[ed] a mountain of documentation provided by Plaintiffs." Dkt. 106, PageID.1702. As described by Plaintiffs, that mountain includes, but is "not limited to:

1. Notices of Right to Sue;
2. Conciliation Agreement, which Defendant has refused to sign;
3. Determinations;
4. Transcript of Union Arbitration (which took place [3-9-17]);
5. Confirmation numbers for the "800" complaint line (which Defendant has the record of, but refused to provide);
6. Grievances filed by Plaintiffs;
7. EEOC case files; and
8. Personal logs of events."

*Id*.

Plaintiffs contend that the above-listed documents "are required to be taken into consideration with respect to a 56(c) motion." *Id*. Plaintiffs also object broadly to Magistrate Judge Whalen's outline of the facts in the case, which they say is "based entirely on deposition testimony given by Plaintiffs[.]" Dkt. 106, PageID.1701.

**II. Standard of Review**

    **a. De Novo Review**

A district court reviews *de novo* the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A

4

judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*. Plaintiffs did not object to any specific aspects of the report, instead objecting to it in its entirety. As such, the Court reviews the Report and Recommendation de novo in its entirety.

### b. Motion for Summary Judgment Standard

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact such that the movant is entitled to a judgment as a matter of law." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013); *see also* Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Edward*, 241 F.3d 530, 531 (6th Cir. 2001).

As the moving party, the Defendant has the initial burden to show that there is an absence of evidence to support Plaintiffs' case.

*Selby v. Caruso*, 734 F.3d 554 (6th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party "may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012).

### c. Analysis

Plaintiff raises a general objection to the entirety of Magistrate Judge Whalen's Report and Recommendation. Defendant points out that the law requires such objections to be "specific" and carefully drawn to identify the particular errors in the Magistrate Judge's ruling. *E.g., Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991). Nevertheless, considering that Plaintiffs are proceeding pro se, the Court will address their general objections. Plaintiffs allege generally that Magistrate Judge Whalen: (1) improperly relied on Plaintiffs' deposition testimony, (2) ignored other evidence that supported their claims—particularly documents relating to Plaintiff McGowen that were only introduced after the two cases were consolidated—and (3) failed to take into account Plaintiffs' arguments as put forth in their Response to Defendant's Motion for Summary Judgment. Dkt. 106; *see also* Dkt. 91. These objections will be considered in turn.

6

*1. Did Magistrate Judge Whalen Improperly Rely on Plaintiffs' Deposition Testimony?*

Plaintiffs object to Magistrate Judge Whalen's reliance on their own deposition testimony, stating that they were "not allowed to reference their notes or other documents to answer the deposition questions." Dkt. 106, PageID.1701–02. Plaintiffs did not provide any examples or explanations as to how access to their notes or other documents would have changed any of the testimony they gave in the depositions. Plaintiffs cannot create a genuine issue of material fact by merely alluding to the possibility that their own sworn testimony is somehow imprecise or inaccurate. *See Yanovich v. Zimmer Austin, Inc.*, 255 F. App'x 957, 961 (6th Cir. 2007) (quoting *Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 806 (1999) ("[A party] cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement … without explaining the contradiction or attempting to resolve the disparity.")). Furthermore, "[e]ven under the generous standard of review for a grant of summary judgment, we do not accept as true legal conclusions or unwarranted factual inferences." *Yanovich*, 255 F. App'x at 969 (quoting *City of Monroe Employees Ret. Sys. v. Bridgestone Corp.,* 387 F.3d 468, 482 (6th Cir.2004)).

The only time that Plaintiffs mention the difference the notes would have made is when they say, "[w]ithout her notes, Schnitz couldn't give an exact date that her failure to promote claim was filed." Dkt. 106, PageID.1703. Pertinent to this issue, Schnitz did testify during her deposition that the incident which led to her filing a "failure to promote" claim happened roughly six years earlier. Dkt.70-4, PageID.1118. This is far outside the 300-day statute of limitations imposed on such claims. If the specific date of the objected-to employment action were at issue—for instance whether it was 299 days or 301 days ago—then access to her notes might have made a difference. But as it is, a claim arising from an incident that occurred six or more years ago is clearly outside the statute period, and the ability to declare precisely how far outside the period it is would not make a difference. The Supreme Court clarified the strict importance of statutes of limitations in Title VII:

> Title 42 U.S.C. § 2000e–5(e)(1) is a charge filing provision that "specifies with precision" the prerequisites that a plaintiff must satisfy before filing suit … An individual must file a charge within the statutory time period and serve notice upon the person against whom the charge is made. In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice; in all other States, the charge must be filed within 180 days. A claim is time barred if it is not filed within these time limits.

8

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (internal citations omitted). Magistrate Judge Whalen did not err in relying substantially on Plaintiffs' own deposition testimony, and Plaintiffs fail to show how they were materially affected by their inability to refer to their notes during their own depositions.

   *2. Did Magistrate Judge Whalen Ignore Material Evidence in the Record?*

Plaintiffs claim Magistrate Judge Whalen ignored a "mountain" of evidence in the form of numerous documents, several of which were added to the instant case when Plaintiff McGowen's separate and identical action was consolidated with this one. However important these documents allegedly were to Plaintiffs, most of them were never referenced as exhibits in any of Plaintiffs' filings,[2] nor in their several responses to Defendant's various motions, nor even now. *See, e.g.*, "Plaintiffs' Response to Defendant's Motion for Summary Judgment," Dkt. 75; "Plaintiffs' Response to Defendant's Motion to Dismiss Plaintiffs' Claim for Damages," Dkt. 91; *and* "Plaintiffs' Response to Defendant's Motion for Failure to Cooperate in

---

[2] Defendants claim in their Response to Plaintiff's Objection that Plaintiff *never* cited to these items in the record. Dkt. 108, PageID.1722 ("Plaintiffs list a number of documents in their Response that they claim were allegedly "required to be taken into consideration … [h]owever, none of those documents were cited as exhibits to support any of the Plaintiffs' responses to Defendant's motions.") This is not accurate, as the Court explains in the following paragraphs.

9

Discovery," Dkt. 72. The Court need consider only the *cited* materials presented by parties, though it may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3) (emphasis added). Where the Court does not have the materials, it cannot consider them. After a thorough review of the entire record, the Court is unable to locate several of the items that Plaintiff alleges Magistrate Judge Whalen ignored, and as to several other items it is clear that they are not full and complete versions. The Court addresses each item from the list included in Plaintiff's Objection here:

### Notices of Right to Sue

Plaintiff never attached or otherwise introduced any of their Notices of Right to Sue to the Court.

### Conciliation Agreement

On October 17, 2017, Plaintiff did provide a cover page only of an apparent Conciliation Agreement as an attachment to their Supplemental Response to Defendants' Motion to Compel. Dkt. 64, PageID.797. The cover page contains no details of the alleged agreement and does not bear the signatures of any party. Nothing in this attachment is material to the consideration of this Court or Magistrate Judge Whalen.

### Determinations

The Court located one document called "Determination" that related only to Plaintiff McGowen. The document was also attached

to Plaintiff's Supplemental Response to Defendants' Motion to Compel. Dkt. 64, PageID.794. It states that the EEOC found "reasonable cause to believe that [Defendant] violated Title VII of the Civil Rights Act of 1964[.]" *Id*. This determination is made specifically in reference to McGowen's allegation of retaliation. This determination further found that "[t]he evidence collected shows that [McGowen]'s protected complaint led to her suspension and discharge from her position as a Cashier, at Respondent's Clarkston, Michigan location." *Id*.

Determinations of administrative agencies are deemed to be "substantially outweighed by the risk of unfair prejudice" and are therefore inadmissible. *Walker v. Daimler-Chrysler Corp.*, No. 02-CV-74698-DT, 2005 WL 8154351, at *11 (E.D. Mich. Nov. 16, 2005); *see also Williams v. Nashville Network*, 132 F.3d 1123, 1129 (6th Cir. 1997) (holding that a district court did not abuse its discretion in excluding EEOC cause determination because it had little, if any, probative value). Consequently, Magistrate Judge Whalen did not err in recommending granting Defendant's motion for summary judgment despite the existence of these determinations.

<u>Transcript of Union Arbitration (which took place [3-9-17])</u>

Plaintiff never attached or otherwise introduced the transcript of this arbitration to the Court.

<u>Confirmation numbers for the "800" complaint line</u>

Plaintiff never attached or otherwise introduced these confirmation numbers to the Court, nor did Plaintiff ever file a motion to compel this information during discovery.

### Grievances filed by Plaintiffs

The Court located a document that may by a grievance filed by one of the Plaintiffs in a filing called "Documents in Support of Complaint," filed April 19, 2018. Dkt. 99. Though largely illegible, the document appears to be a written complaint as well as a portion of a Kroger manual. The Court finds this document essentially duplicative of Plaintiffs' other allegations and testimony.

### EEOC case files

Plaintiff never attached or otherwise introduced EEOC case files to the Court. Even if such files had been made part of the record, because they pertain to similar factual claims it is reasonable to expect they would include largely the same information and documents that Plaintiffs should have entered on the record in the instant case. But at the same time, as stated above, determinations of administrative agencies are not normally admissible, and so the probative value of investigative reports or other materials prepared in the course of those determinations would similarly be "substantially outweighed by the risk of unfair prejudice" and likewise therefore inadmissible. *Walker*, 2005 WL 8154351, at *11.

### Personal logs of events

The Court did locate two timelines that appear to have been created by Plaintiff, attached as part of Plaintiff's "Response to Motion for Summary Judgment," filed on December 6, 2017. Dkt. 75. Specifically these appear to be timelines created by Plaintiffs McGowen (PageID.1400–04) and Ganoff (PageID.1405–09). The Court did not locate any other personal logs in the record. The information in these timelines is duplicative of the allegations made elsewhere in Plaintiffs' various filings, and as such they are immaterial to this Court's consideration. What's more, Magistrate Judge Whalen did address the logs, noting that they are "in effect an unsworn statement of facts" that "parallels [Plaintiffs] sworn testimony[.]" Report and Recommendation, Dkt. 101, PageID.1683–84, at n.4.

Notwithstanding the fact that Plaintiffs have not provided the Court several of the items they accuse the Court of ignoring, the objection also fails to explain how these items would have altered Magistrate Judge Whalen's findings. Plaintiffs claim their "Personal logs of events" were ignored by the Magistrate Judge's Report, but do not explain why their own personal logs would establish a genuine issue of material fact, especially in light of the availability of their own deposition testimony. Even if Plaintiffs incorporated these otherwise unsubstantiated personal logs into signed affidavits, they "cannot create a disputed issue of material fact by filing

an affidavit that contradicts the party's earlier deposition testimony." *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 906 (6th Cir. 2006).

At best, the sum of Plaintiffs' objections amounts to a general disagreement with Magistrate Judge Whalen's Report, which is equivalent to filing no objection at all. *Clardy v. Bicigo*, No. 12-CV-11114, 2012 WL 2992623, at *2 (E.D. Mich. July 20, 2012) ("general disagreement" with the Magistrate Judge's conclusion is not a valid objection.); *Arroyo v. Comm. of Soc. Sec.*, No. 14-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) ("bare disagreement with the conclusions reached by the Magistrate Judge…is tantamount to an outright failure to lodge objections to the R & R").

## CONCLUSION

For the reasons set forth above, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and **ADOPTED** as the opinion of the Court. Accordingly, Defendants' Motion to Dismiss/for Summary Judgment, Dkt. 70, is **GRANTED**. Plaintiffs' claims are **DISMISSED** with prejudice. Defendants' Motion to Dismiss Plaintiffs' Claims for Damages, Dkt. 71, is **DENIED** as moot, Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, Dkt. 58, is **DENIED** as moot, and Defendants' Motion

for Reconsideration Regarding Order of Consolidation, Dkt. 100, is **DENIED** as moot.

**SO ORDERED.**

| Dated: October 31, 2018 | s/Terrence G. Berg<br>TERRENCE G. BERG<br>UNITED STATES DISTRICT JUDGE |
|---|---|

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on October 31, 2018.

s/A. Chubb
Case Manager