# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RHONDA McGOWEN, et al,

    Plaintiffs,

v.

KROGER DISTRICT I, et al,

    Defendants.

Case No. 16-13216
Hon. Terrence G. Berg
Magistrate Judge Steven R. Whalen

## ORDER GRANTING PLAINTIFFS' MOTION TO REVIEW COSTS (ECF No. 114) AND DENYING COSTS TO DEFENDANT (ECF No. 111)

Plaintiffs Rhonda McGowen, Susan Ganoff, and Glenda Schnitz filed a *pro se* civil complaint against Defendant Kroger District I. Plaintiffs' original complaint alleged "discrimination, retaliation, and sexual harassment" in violation of rights guaranteed by Title VII of the Civil Rights Act of 1964. ECF No. 1; 42 U.S.C.A. §§ 2000e–e-17 (West). On September 7, 2018, Magistrate Judge R. Steven Whalen issued a Report and Recommendation that recommended granting Defendant's Motion for Summary Judgment, dismissing Plaintiffs' claims with prejudice. On October 31, 2018, this Court entered an Order adopting the Report and Recommendation. ECF No. 109.

On November 9, 2018, Defendants timely filed a Bill of Costs, requesting to tax costs in the amount of $7,557.65. ECF No. 111. The Office of the Clerk taxed those costs on November 13, 2018. ECF No. 112. Normally, this would trigger a seven-day period in which any party can request review of the costs. *See* ECF No. 12, PageID.1965. Here however, because the three Plaintiffs in this case have proceeded through the entire lawsuit *pro se*, the Court issued a modified briefing schedule, giving Plaintiffs' 14 days to file a motion to review the action of the Clerk or to request review by this Court. ECF No. 113. On November 21, 2018, Plaintiffs filed a Motion to Review Costs. ECF No. 114.

For the reasons laid out below, the Court hereby **GRANTS** Plaintiff's Motion to Review Costs and **DENIES** Defendant Kroger Co. of Michigan any fees or costs.

## STANDARD OF REVIEW

Rule 54(d) of the Federal Rules of Civil Procedure establishes that the prevailing party should be allowed to tax certain costs unless the court directs otherwise. FED. R. CIV. P. 54(d). Costs that may be recovered are described in 28 U.S.C. § 1920. "The prevailing party has the burden of establishing that the expenses it seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920." *City of Sterling Heights v. United Nat'l Ins. Co.*, No. 03-72773, 2008

WL 920135, at *3 (E.D. Mich. Apr. 3, 2008) (quoting *Keweenaw Bay Indian Community v. Rising,* No. 2:03-CV-111, 2005 WL 3535124 (W.D. Mich. Dec. 22, 2005)). The Eastern District of Michigan has also promulgated a Local Rule for the taxation of costs and incorporates a "Bill of Costs Handbook"[1] to be used in conjunction with the federal rules and the Local Rules of this Court. *See* E.D. MICH. L.R. 54.1; E.D. MICH. *Bill of Costs Handbook* (rev. 11/13)[2]; FED. R. CIV. P. 54(d); *and* 28 U.S.C. §1920.

The prevailing party must file their Bill of Costs no later than 28 days after entry of judgment. E.D. MICH. L.R. 54.1. Defendant timely filed their Bill of Costs nine days after entry of judgment. ECF No. 111. After the Clerk has taxed the costs, counsel for either side may file a motion to review the action of the clerk and request review by the Court. *See* E.D. MICH. L.R. 54.1; *Bill of Costs Handbook*. The Clerk taxed the costs on November 13, 2018. ECF No. 112.

Plaintiffs in this case are three individuals proceeding *pro se*.[3]

---

[1] The Bill of Costs Handbook is not to be cited as legal authority. *City of Sterling Heights v. United Nat'l Ins. Co.*, No. 03-72773, 2008 WL 920135, at *3 (E.D. Mich. Apr. 3, 2008) ("The Bill of Costs Handbook … expressly provides on its cover that it is not to be cited as legal authority.").

[2] Available at:
https://www.mied.uscourts.gov/PDFFIles/BillofCostsHandbook.pdf

[3] *Pro se* pleadings are not held to the standard of a practicing attorney but rather are given a liberal construction. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Herron v. Harrison,* 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to

3

In their Motion to Review Costs, Plaintiffs said that they "cannot accept [the] Bill of Costs." ECF No. 114. What's more, Defendant did not mention an intent to seek costs—or express any belief that they were entitled to costs—in either their Motion for Summary Judgment or their Motion to Dismiss. ECF Nos. 70, 71. Though Plaintiffs were not prevailing parties, the Court is unable to conclude that their claims were frivolous or entirely lacking in merit. Additionally, from the record it is clear that Plaintiffs are in no position to pay Defendants' costs. Accordingly, the Court **GRANTS** Plaintiffs' Motion to Review Costs and **DENIES** Defendant, Kroger Co. of Michigan, any costs or fees incurred in defending this litigation.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Review Costs is **GRANTED** and Defendant Kroger Co. of Michigan's request for costs and fees is **DENIED**.

**SO ORDERED.**

| Dated: April 4, 2019 | s/Terrence G. Berg |
| --- | --- |
| | TERRENCE G. BERG |
| | UNITED STATES DISTRICT JUDGE |

---

"an especially liberal standard"); FED. R. CIV. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").